JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Armando De La Torre, <br><br> PLAINTIFF(S) <br> v. <br><br> Monserrat Castillo, et al., <br><br> DEFENDANT(S) | **CASE NUMBER** <br><br> 2:24-cv-07628-FLA-JPR <br><br> **ORDER ON REQUEST TO PROCEED** <br> *IN FORMA PAUPERIS* <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

　　☐ The District Court lacks ☒ subject matter jurisdiction ☒ removal jurisdiction.
　　☐ The action is frivolous or malicious.
　　☐ The action fails to state a claim upon which relief may be granted.
　　☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:


If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☒ This case is REMANDED to state court as explained in the attached statement.

September 26, 2024                                                        _[signature]_
_____                                    _____
Date                                                                        United States District Judge

Plaintiff brought an action for unlawful detainer against Defendant in the Los Angeles County Superior Court. Dkt. 1 at 7. Defendant subsequently filed a Notice of Removal to this Court and a request to proceed in forma pauperis. Dkt. 1, 3.

The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and … the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted). A review of the Notice of Removal and the state court Complaint demonstrates the Court lacks jurisdiction over the action for the following reasons.

Defendant alleges jurisdiction based on diversity of citizenship. Dkt. 1 at 2. But the Complaint seeks damages that do not exceed $10,000. Id. at 7. Defendant has raised no plausible allegations that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, as required for diversity jurisdiction. 28 U.S.C. § 1332(a).

Moreover, jurisdiction based on a federal question also is lacking. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnotes omitted). Here, the Complaint does not state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Because landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis for federal question jurisdiction." Round Valley Indian Housing Authority v. Hunter, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995) (citing Powers v. United States Postal Service, 671 F.2d 1041, 1045 (7th Cir. 1982) ("[F]ederal common law of landlord and tenant does not exist.")).

To the extent that Defendant has potential defenses based on federal law, Dkt. 1 at 3, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

For these reasons, the request to proceed in forma pauperis is denied, and the action is remanded to the state court.

*(attach additional pages if necessary)*